# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| MATTHEW FELTY, | ) |
| | ) |
| Petitioner, | ) |
| vs. | ) 1:12-cv-0050-JMS-MJD |
| | ) |
| N.C.C.F. SUPERINTENDENT, | ) |
| | ) |
| Respondent. | ) |

### Entry Discussing Petition for Writ of Habeas Corpus

Matthew Felty is a state prisoner who was disciplined in a proceeding identified as No. NCF 11-07-0083, for violating prison rules on June 30, 2008, at the New Castle Correctional Facility for trafficking. The evidence favorable to the decision of the conduct board *Henderson v. United States Parole Comm'n*, 13 F.3d 1073, 1077 (7th Cir. 1993) (a federal habeas court Awill overturn the . . . [conduct board=s] decision only if no reasonable adjudicator could have found . . . [the petitioner] guilty of the offense on the basis of the evidence presented"), *cert. denied,* 115 S. Ct. 314 (1994), as set forth in the July 13, 2011, conduct report is that:

> On 6/20/11, Felty was involved in an inappropriate relationship with a female LPN employed with Corizan. During the investigation, a handwritten letter detailing the relationship was found in Felty's property. During an interview, Felty admitted that the Corizan employee had written the note and brought it into the facility and gave it to him. During an interview, the Corizan employee admitted to writing the note at home and bringing it into the facility and giving it to Felty.

Contending that the proceeding was constitutionally infirm, Felty now seeks a writ of habeas corpus. His specific contentions are that he was denied due process because: (1) there was insufficient evidence to support a guilty finding in his case; (2) he was coerced into admitting guilt; and (3) he was excessively sanctioned.

The writ Felty seeks can be issued only if the court finds that he is Ais in custody in violation of the Constitution or laws or treaties of the United States.@ 28 U.S.C. ' 2254(a). Because he has not made such a showing, his

petition for a writ of habeas corpus must be **denied.** The reason for this disposition is that the pleadings and the expanded record show that (1) the procedural protections required by *Wolff v. McDonnell,* 418 U.S. 539 (1974), were provided, (2) there was at least Asome evidence@ to support the decision of the conduct board as required by *Superintendent of Walpole v. Hill,* 472 U.S. 445 (1985), and (3) the proceedings were not otherwise tainted by prejudicial error.

Felty=s arguments that he was denied the protections afforded by *Wolff* and *Hill* are either refuted by the expanded record or based on assertions which do not entitle him to relief.

! As to his first claim, Felty=s challenge to the sufficiency of the evidence fails. The "some evidence" standard is lenient, "requiring only that the decision not be arbitrary or without support in the record." *McPherson v. McBride,* 188 F.3d 784, 786 (7th Cir. 1999). A conduct report alone may suffice as Asome evidence.@ *Id.; see also Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000) (even Ameager@ proof is sufficient). Here, the conduct report is clear and provides a direct account of Felty=s possession of the handwritten letter and a reasonable adjudicator could readily have so concluded. Although the evidence before the disciplinary board must "point to the accused's guilt," *Lenea v. Lane, 882* F.2d 1171, 1175 (7th Cir. 1989), Aonly evidence that was presented to the Adjustment Committee is relevant to this analysis.@ *Hamilton v. O'Leary,* 976 F.2d 341, 346 (7th Cir. 1992); *see also Hill,* 472 U.S. at 457 ("The Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board."). The evidence here was constitutionally sufficient.

! Felty's second claim is that he was coerced into admitting guilt to protect his relationship with his fiancé. However, even if Felty did not admit guilt, the "some evidence" required by *Hill* is satisfied by the expanded record beyond his confession.

! Felty contends that he was excessively sanctioned. The severity of the sanctions imposed does not present a cognizable claim under 28 U.S.C. ' 2254(a) under the circumstances of this case. See *Koo v. McBride*, 124 F.3d 869, 875 (7th Cir. 1997) (the issue of sentencing within the parameters of state law is ordinarily outside the realm of federal habeas review). Furthermore, Felty's credit class demotion was modified to a one grade demotion in conformity with Department of Correction guidelines.

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* **418 U.S. at 558**. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Felty to the relief he seeks. Accordingly, Felty=s petition for a writ of habeas corpus must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: _06/27/2012_

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana